ADAM ANDRU SUTTON
426 West Ave
Jackson, Ga 30233
404-935-2221
Adamsutton007@gmail.com


ADAM ANDRU SUTTON, IN PRO PER

[*ADDITIONAL COUNSEL ON NEXT PAGE*]


# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| ADAM ANDRU SUTTON<br><br>                    Plaintiff(s),<br><br>     vs.<br><br>CAMDEN DEVELOPMENT, INC., a Delaware corporation; VALARIE TILAKAMONKUL, an individual; MARTIN DOMA, an individual; ANDERSON HERNANDEZ ADAME, an individual, PAUL NGUYEN an individual and DOES 1 through 100, inclusive,<br><br>                    Defendant(s). | Case No.: 2:25-CV-5497-FLA-AYP<br><br>**DISCOVERY MATTER**<br>**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES' DISCOVERY DISPUTES**<br><br><br>Complaint Filed:   August 28, 2024<br>FAC Filed:   May 22, 2025<br>SAC Filed:   September 2, 2025<br>Discovery Cutoff:   April 24, 2026<br>Pretrial Conference: September 18, 2026<br>Trial:   October 6, 2026 |

i

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES**

SEYFARTH SHAW LLP
Heriberto Alvarez, Jr.  (SBN 307048)
E-mail:  halvarez@seyfarth.com
601 S. Figueroa Street, Suite 3300
Los Angeles, California 90017
Telephone:  (213) 270-9600
Facsimile:    (213) 213-9601

SEYFARTH SHAW LLP
David J. Kim (SBN 349802)
E-mail:  dakim@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendants
CAMDEN DEVELOPMENT, INC., VALERIE TILAKAMONKUL, MARTIN
DOMA, ANDERSON HERNANDEZ ADAME, and PAUL NGUYEN

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'
DISCOVERY DISPUTES**

# TABLE OF CONTENTS

Page

I.  STATEMENT REGARDING PLAINTIFF'S REQUEST FOR A TELEPHONIC CONFERENCE ....................................................................................................- 1 -

II.  PLAINTIFF'S CLAIMS OF ONESITE, POWER BI, RESIDENT COMPLAINTS, AND RELATED DISCOVERY DISPUTES.........................................- 3 -

III.  PLAINTIFF'S CLAIM OF INCOMPLETE ONESITE PRODUCTION .........................- 9 -

IV.  RESIDENT COMPLAINTS AND FAVORABLE RESIDENT FEEDBACK...............- 14 -

V.  PLAINTIFF'S CLAIM OF OUTSTANDING DEPOSITIONS.....................................- 16 -

SIGNATURE ATTESTATION.......................................................................................- 19 -

**TO THE HONORABLE COURT:**

Pursuant to Magistrate Judge Anna Y. Park's Procedure No. 3: Mandatory Telephonic Conference for Discovery Disputes, Defendants Camden Development, Inc., Valerie Tilakamonkul, Martin Doma, and Anderson Hernandez Adame (collectively, "Defendants"), by and through their attorneys Seyfarth Shaw LLP, and Plaintiff Adam Andru Sutton ("Plaintiff") (together with Defendants, "Parties"), appearing pro se, hereby submit the following Joint Report Requesting Informal Discovery Conference Regarding Parties' Discovery Disputes.

The parties are available for an Informal Discovery Conference on June 9 after Noon, June 10, and June 12, 2026.

## I. STATEMENT REGARDING PLAINTIFF'S REQUEST FOR A TELEPHONIC CONFERENCE

**Plaintiff's position:**

Since November 2025, the Parties have met and conferred via email and telephone on numerous occasions in attempts to resolve their discovery disputes. Most recently, the Parties exchanged multiple meet and confer communications, via email and telephonic regarding continuing disputes concerning Defendants' discovery responses, incomplete productions, personnel files, OneSite (RealPage) and Power BI data, training materials, and compliance with prior Court Orders.

Despite continued efforts, substantial disputes remain unresolved. The Parties therefore respectfully request a telephonic conference regarding the outstanding discovery issues addressed herein.

**Defendants' Position:**

Defendants respectfully submit that Plaintiff's position, in its entirety, is either moot or premature, and that no Informal Discovery Conference ("IDC") is warranted

- 1 -

on any issue he raises. The parties' lines of communication remain open and ongoing, and the Court's rules require them to continue meeting and conferring before seeking court intervention. (L.R. 37-1: "Before filing any motion relating to discovery under F.Rs.Civ.P. 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.") Indeed, in granting Plaintiff's requested 60-day extension of the discovery deadlines, the District Court expressly reminded the parties that it expects them to "meet and confer in good faith, and make reasonable efforts to resolve disputes informally without court intervention." (Exhibit C at 3.) Plaintiff's premature resort to an IDC—while meet-and-confer efforts are ongoing, other points are moot, and a vendor conference with OneSite is confirmed for Tuesday, June 9, 2026 at 2:00 p.m. Eastern Time—disregards these directives.

Plaintiff's filing appears designed not to resolve any genuine dispute, but to confuse the issues, harass Defendants and third parties, and expend the resources of the Court. To the extent any party has "obstruct[ed], interfere[d] with, or delay[ed] discovery" (*id*.), it is Plaintiff.

As set forth below, his ***failure to appear (without providing any excuse or justification for nonappearance)*** at a vendor conference with Funnel Leasing (a software that Camden uses to manage the Camden Glendale community where Plaintiff worked) that ***he requested and was scheduled for a date and time when he was available*** is one instance of Plaintiff's unreasonable behavior and approach to discovery.

Plaintiff's unreasonable approach is further illustrated by his repeated demands that Defendants prepare and exchange their portions of this Joint Report on impossible, self-imposed 24-hour turnarounds—disregarding the seven-day period contemplated by the Local Rules and Defendants' counsel's prior professional

- 2 -

commitments. (Exhibit G [June 4, 2026 Email Correspondence re: Joint Report Timing].) Defendants nonetheless agreed, as a show of good faith, to provide their revised portion on an expedited basis.

Accordingly, in support of their position, Defendants attach the parties' recent meet-and-confer correspondence (Exhibit D [Parties' Email Exchange]), the May 26, 2026 correspondence documenting Plaintiff's non-appearance at the Funnel Leasing vendor conference (Exhibit E [Defendants' Correspondence re: Plaintiff's Non-Appearance]), and the June 4, 2026 correspondence regarding Plaintiff's unreasonable demand for a same-day turnaround on Defendants' portion of this Joint Report (Exhibit G).

## II. PLAINTIFF'S CLAIMS OF ONESITE, POWER BI, RESIDENT COMPLAINTS, AND RELATED DISCOVERY DISPUTES

**Plaintiff's Position:**

Plaintiff respectfully submits that Court intervention remains necessary regarding Defendants' compliance with the Court's April 22, 2026 Order concerning OneSite/RealPage, Power BI, resident complaints, maintenance history, and maintenance-performance information.

Defendants have just now scheduled the RealPage/OneSite vendor conference for next week. Plaintiff acknowledges that development. However, Plaintiff does not agree that the issue is moot. The conference has not yet occurred, no meaningful clarification has been provided, and Defendants' prior conduct shows a continuing pattern of delay, shifting explanations, and incomplete production.

On May 7, 2026, Defendants produced documents by email at 12:33 a.m., not May 6, 2026 as Defendants later claimed. Defense counsel stated: "Please find the attached document production. We understand that this production contains all documents

responsive to Judge Park's April 22, 2026 Order." (See Ex. A.) That same day, Plaintiff objected and informed Defendants that the production did not appear to fully comply with the Court's Order. Plaintiff identified missing or unclear categories, including Power BI reports or analytics, comparator resident complaint data for Martin Doma and Anderson Hernandez-Adame, comparator maintenance-performance reporting, and the status of the Court-ordered vendor conference. Plaintiff also raised concerns regarding Paragraph 7 of the Order, including whether Defendants had produced the complete investigative file, referenced attachments, underlying investigation materials, and any required privilege log. In an effort to avoid unnecessary Court involvement, Plaintiff requested that Defendants meet and confer regarding the ordered information by May 12, 2026. Defendants did not timely respond. Instead, on May 12, 2026, Defendants unilaterally stated that the Court-ordered vendor conference was "not necessary." Defendants provided no declaration, vendor confirmation, technical explanation, export criteria, report list, or other evidence supporting that position. Defendants also accused Plaintiff of misrepresenting the issue to the Magistrate Judge, without providing evidence. (See Ex. C.)

After Plaintiff located additional information within Defendants' investigation file suggesting that resident complaints and related information could be obtained, Plaintiff sent a follow-up email to further narrow the dispute and address Defendants' failure to respond to Plaintiff's earlier meet-and-confer request. (See Ex. B.) A meet-and-confer conference was later held on May 14, 2026. During that conference, Defendants claimed that Power BI information could not be searched or generated beyond a two-year limitation. After Plaintiff provided documentation from the software provider indicating that such searches and reports could be generated,

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES**

Defendants changed their position and stated they would speak with their client regarding a vendor conference. (See Ex. D.)

Plaintiff's concern is that Defendants delayed the vendor conference through shifting explanations regarding OneSite, Power BI, Plaintiff's alleged IDC statements, and Defendants' unilateral interpretation of the Court's Order. Although Defendants have now scheduled the vendor conference for next week, that does not cure the delay or resolve the underlying production issues. Plaintiff requests that the Court keep this issue active unless and until the conference actually occurs and Defendants provide meaningful clarification regarding available reports, export capabilities, search criteria, filters, audit trails, comments, notes, resident complaints, and related Power BI information.

Plaintiff further objects to any attempt by Defendants to rely on a different software platform, partial production, or attorney explanation as a substitute for the Court-ordered RealPage/OneSite vendor conference. Plaintiff acknowledges the missed Funnel conference, but respectfully submits that Funnel was not the vendor conference ordered by the Court. The unresolved issue is Defendants' delayed completion of the RealPage/OneSite vendor conference and Defendants' failure to meaningfully address Power BI.

Plaintiff further submits that Defendants have effectively disregarded the Power BI portion of the Court's April 22, 2026 Order. The Order expressly referenced both OneSite/RealPage and Power BI reports, yet Defendants' production and explanations have focused almost entirely on OneSite. To date, Defendants have not produced Power BI reports, Power BI export data, dashboard screenshots, report descriptions, report names, search criteria, analytics, or a declaration explaining whether Power BI was searched, what reports exist, what information Power BI can generate, or why no Power BI materials were produced.

- 5 -

This omission is significant because Power BI appears directly relevant to maintenance-performance reporting, completion metrics, workload comparisons, resident complaints, and comparator information ordered by the Court. Plaintiff therefore requests that the Court require Defendants to complete the scheduled RealPage/OneSite vendor conference, meaningfully address Power BI during or in connection with that conference, and provide any responsive reports, export criteria, or explanations identified through the vendor conference process.

**Defendants' Position**:

*Defendants respectfully contend that they have complied with the Court's order.*

Defendants respectfully contend that they have complied with the Court's April 22, 2026 Order (Exhibit F) and have neither delayed nor obstructed the OneSite (RealPage) vendor conference. Defendants therefore contend that Plaintiff's request for an IDC on this issue is premature because while they believe that Camden has produced all relevant information in its possession, custody, or control, they have now confirmed a vendor conference with OneSite (RealPage) and its counsel for Tuesday, June 9, 2026 at 2:00 p.m. Eastern Time.

As an initial matter, this Court's Order directed Defendants to "produce reports generated by OneSite (RealPage) and PowerBI that show maintenance history, resident complaints, and completion of maintenance work for the time period covering August 1, 2023 to March 30, 2024 for Plaintiff, Martin Doma, and Anderson Hernandez-Adame." (Exhibit F at ¶ 6.) If Camden, was unable to ascertain whether the records could be produced, "within twenty (20) days of this Order, the parties are to have a Zoom conference with the third party vendor *to determine whether the reports can be generated as outlined by the Court.*" (*Id.*)

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES**

Here, after participating in extensive calls involving multiple individuals across multiple departments, Camden determined that it *was* able to generate the relevant OneSite reports. In fact, on May 6, 2026, Camden produced documents showing maintenance history and completion of maintenance work from August 1, 2023 to March 30, 2024 for Plaintiff, Martin Doma, and Anderson Hernadnez-Adame, Bates numbered CAMDEN_SUTTON 000134-000165 (32 pages). These 32 pages of documents contained over 2,200 individual work-order entries for Plaintiff, Martin Doma, and Anderson Hernandez-Adame for the Court-ordered time period. Therefore, Camden believed that no vendor conference was necessary to satisfy this Court's Order because it had identified and produced all relevant documents.

Plaintiff continued to make baseless accusations, arguing that Camden's production was incomplete and missing. As a way of example, Plaintiff accused that Camden's production did not include data between August 16-21, 2023. During a telephonic meet and confer, Defense counsel specifically pointed out the bates number of the document that contained the exact information that Plaintiff claimed was omitted.

It is clear that Plaintiff has a difficult time believing Defense counsel's representation. As such, ***Camden has coordinated with OneSite and confirmed the vendor call with Plaintiff for Tuesday, June 9, 2026.***

After Camden produced relevant records, Plaintiff claimed on May 7, 2026, without providing any evidence, that the records were somehow incomplete, and he was nonetheless entitled to a call with the OneSite vendor. Defendants' lead counsel, Heriberto Alvarez, Jr., was away in trial for another matter the weeks of May 4 and May 11, 2026. But on May 11, 2026, Mr. Alvarez called Plaintiff and advised that he was at a trial, but that Defendants were reviewing Plaintiff's email from May 7 to schedule a call with OneSite, since he claimed that Camden's information was

- 7 -

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES' DISCOVERY DISPUTES**

incomplete. Therefore, Defendants reported to Plaintiff that they were looking into this issue and would arrange a call with OneSite and its counsel after further review of his email.

In fact, that vendor call is a joint obligation of "the parties" (Exhibit F at ¶ 6), and it necessarily depends on the availability of a third party that Defendants do not control. As Defendants advised Plaintiff on a meet and confer call on May 20, 2026, and by email on May 27, 2026 (Exhibit D), the OneSite vendors needed to coordinate the availability of their counsel, vendor representatives, and technicians. On June 1, 2026, Defendants confirmed the vendor's availability and offered Plaintiff a call on Tuesday, June 9, 2026; Plaintiff agreed to 2:00 p.m. Eastern Time, and Defendants circulated Zoom dial-in information on June 2, 2026. Defendants are not delaying the conference; the conference is now confirmed and will proceed on June 9, 2026—well before the close of fact discovery. The Order itself contemplates precisely this cooperative, vendor-dependent process, directing that, "[i]f reports cannot be generated as specified in this Order, then the parties shall work to tailor the reports," and that "[t]he parties are to cooperate to generate reports within the reasonable parameters as set forth by the Court." (*Id.*)

As for Plaintiff's complaint regarding Power BI, that complaint is likewise moot or, at a minimum, premature. Camden has already addressed Power BI in its Third Supplemental Responses to Plaintiff's Requests for Production, Set One, served on May 20, 2026, and the Power BI issue is on the agenda for, and will be addressed during, the June 9, 2026 vendor conference. Plaintiff will have a full opportunity to question the OneSite/RealPage representatives directly about Power BI reporting capabilities, available exports, and search parameters. There is no basis for Court intervention before that conference occurs.

Plaintiff's request for an IDC on this issue is therefore premature.

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES**

*Plaintiff and not Defendants continue to delay discovery as evidenced by his failure to appear at a call with a different vendor—Funnel Leasing—that Defendants scheduled at a time and date that Plaintiff agreed to.*

Tellingly, Defendants arranged a vendor conference with Funnel Leasing—which Plaintiff himself demanded on May 9, 2026. Despite that the Court had not ordered such call with Funnel Leasing, Defendants nonetheless coordinated the call with the vendor and its counsel for May 26, 2026, *a time and date that Plaintiff himself agreed to*. On May 26, 2026, six different individuals from Seyfarth Shaw LLP, Camden Development, Inc., and Funnel Leasing attended the call, but Plaintiff failed to appear, leaving counsel and a non-party vendor waiting for more than thirty minutes. During the call, Mr. Alvarez emailed Plaintiff asking whether he was going to join, but he did not respond. Also during the call, another attorney for Defendants, David Kim, called Plaintiff to determine whether he would be joining the call, but Plaintiff did not answer the call or respond to Mr. Kim. After the vendor call, Defendants sent Plaintiff an email to advise that Defendants had coordinated the call pursuant to his demand, but that he failed to appear. (See Exhibit E.) Plaintiff has provided no reason for his failure to appear at that vendor call and has indicated no other conflict he encountered at the time of the Funnel Leasing call.

Thus, the evidence demonstrates that Plaintiff's own conduct, not any act of Defendants, is the source of any delay in vendor discovery.

**III. PLAINTIFF'S CLAIM OF INCOMPLETE ONESITE PRODUCTION**

**Plaintiff's Position:**

Plaintiff respectfully submits that Defendants' OneSite production does not appear to constitute a complete production of "maintenance history" as required by the Court's April 22, 2026 Order.

Defendants' production appears to be limited to a basic completion report reflecting limited fields such as completion date, issue category, assigned employee, and status. Although Defendants may characterize this production as complete, Plaintiff does not concede that the 31-page OneSite printout constitutes the complete maintenance-history information ordered by the Court. The production does not provide enough information for Plaintiff to meaningfully evaluate the work orders, compare workload, determine recurring issues, identify duplicate or repeat requests, or test Defendants' performance-based allegations.

Defendants also redacted unit numbers from the OneSite production. Those redactions prevent Plaintiff from determining whether multiple work orders involved the same apartment, recurring maintenance problems, duplicate requests, repeat calls, or comparable workload among Plaintiff, Martin Doma, and Anderson Hernandez-Adame. Without the unit numbers, Plaintiff cannot meaningfully compare the maintenance history or determine whether Defendants' production reflects a fair and complete picture of the relevant work order activity.

Plaintiff further notes that the OneSite records contain hyphenated suffixes such as "-1," "-2," and "-3," suggesting that multiple sub-tasks or related entries may exist under a single primary work order number. This supports Plaintiff's concern that the limited production may not reflect the complete maintenance history or all related work order activity.

Defendants' representation that they produced approximately 400 pages of OneSite information is inaccurate and misleading. As reflected in Plaintiff's Exhibit E, Defendants produced approximately 410 total pages, but only 31 pages appear to be actual OneSite maintenance history data. The remaining production consisted of approximately 173 pages of investigative materials, 102 pages from Valerie Tilakamonkul's employment file, 44 pages from Anderson Hernandez-Adame's

DISCOVERY MATTER
JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'
DISCOVERY DISPUTES

employment file, and 60 pages from Martin Doma's employment file. Thus, Defendants did not produce 400 pages of OneSite maintenance history information; they produced only 31 pages of apparent OneSite data.

To the extent Defendants contend that any other portion of the production contains OneSite data, Defendants should be required to identify the specific Bates ranges supporting that contention. Defendants should not be permitted to rely on a generalized page count without identifying where the alleged OneSite information actually appears.

Plaintiff also does not concede that Defendants have complied with the Power BI portion of the Court's Order. The Court's Order referenced both OneSite/RealPage and Power BI reports. However, Defendants' production and explanations appear to focus almost entirely on OneSite. To date, Defendants have not identified or produced Power BI reports, Power BI export data, dashboard screenshots, report descriptions, report names, search criteria, analytics, or any explanation showing what Power BI information was searched or why no Power BI materials were produced.

This omission is significant because Power BI may contain or generate maintenance-performance reports, workload comparisons, completion metrics, resident complaint data, and other comparator information directly relevant to Plaintiff, Martin Doma, and Anderson Hernandez-Adame. Defendants should not be permitted to treat a limited OneSite printout as satisfying both the OneSite and Power BI portions of the Court's Order without identifying what, if anything, was searched or produced from Power BI.

This issue prejudices Plaintiff because Defendants' incomplete and unclear production prevents Plaintiff from meaningfully evaluating the ordered information, comparing workload and performance data, addressing missing resident complaints,

- 11 -

<strong>DISCOVERY MATTER<br>JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'<br>DISCOVERY DISPUTES</strong>

and preparing for depositions. Plaintiff therefore respectfully requests that the Court require Defendants to identify the exact Bates ranges they contend constitute OneSite data, clarify whether the 31-page OneSite production is the entirety of the maintenance-history information Defendants contend was produced, and separately identify whether any Power BI reports, data, dashboards, or analytics were searched, generated, withheld, or omitted.

**Defendants' Position:**

Plaintiff's demand for "assignment history, status changes, technician notes, callbacks, reopenings, reassignment activity, internal comments, timestamps, and un-redacted unit numbers" seeks to relitigate the very scope this Court has already narrowed. In its April 22, 2026 Order, the Court found that, while comparator and overall-performance information is relevant, "***the scope of the requests are burdensome and duplicative, and therefore, not proportional to support a claim or defense in this Action.***" (Exhibit F at ¶ 6.) The Court accordingly did not order production of the granular underlying tracking data Plaintiff now seeks; it ordered "reports" showing "maintenance history … and completion of maintenance work" for a defined period and three defined individuals. (*Id.*)

In any event, Plaintiff's request is moot. On May 6, 2026, Defendants produced relevant OneSite records in Camden's possession, custody, and control, comprising the OneSite maintenance-history report at Bates Nos. CAMDEN_SUTTON 000134–000165 (32 pages, containing over 2,200 individual work-order entries covering the Court-ordered period of August 1, 2023 through March 30, 2024 for Plaintiff, Martin Doma, and Anderson Hernandez-Adame). The remainder of the May 6, 2026 production consists of related personnel and investigative materials responsive to other categories of the Court's Order. Plaintiff's suggestion that Defendants somehow

- 12 -

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES**

misrepresented the scope of the production is incorrect; the Bates numbering speaks for itself. Based on Camden's understanding, they have no further capacity to produce the granular and "burdensome" (*id.*) information that Plaintiff seeks.

As to Plaintiff's complaint about the redaction of unit numbers, those redactions were applied to protect the privacy of non-party residents who reside (or resided) at the Camden Glendale community. That privacy concern is not hypothetical: Plaintiff has already contacted residents in connection with this litigation and threatened to issue deposition subpoenas to ask for clarification regarding a complaint that a resident submitted against Plaintiff.

Indeed, on July 10, 2025, Plaintiff emailed Camden's resident from an email address firecamden2025@gmail.com. In the email, Plaintiff stated, "I wanted to reach out to ask for clarification regarding a complaint that was documented on February 16, 2024. I was informed via termination notice that you may have said I was rude and that you did not want me to handle any future service requests in your apartment. I'd like to confirm whether that is accurate. Please note, since I have been terminated due in part to this statement allegedly made by you and I have opened up a Federal Discrimination suit against Camden and Valerie you can be subpoenaed to clarify your statement."

On July 15, 2025, the resident emailed Camden's management and expressed concern that her private information was being shared with a former Camden employee[1].

Thus, Camden's redactions are based on legitimate concerns and to satisfy its obligation to safekeep residents' private contact information and protect them from

---

[1] Through discovery, it became apparent that Plaintiff improperly downloaded the contents from his Camden-issued maintenance phone. Thus, Camden reserves all right to seek a forensic examination of the devices Plaintiff used during his employment at Camden.

- 13 -

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES**

unnecessary harassment. Residents are entitled to raise complaints to Camden without disclosing their identities. As such, redactions are narrowly tailored and do not impair Plaintiff's ability to compare workload across the three named individuals (whose names appear unredacted on each entry).

Plaintiff's request is also premature. To the extent that additional responsive documents that might exist within Camden's possession, custody, or control, the Court directed the parties to confer with the vendor "to determine whether the reports can be generated as outlined by the Court," and to "tailor the reports" if they cannot. (*Id*.) That conference is the Court-ordered mechanism for resolving the very questions Plaintiff raises about the scope and contents of the production. Plaintiff will have the opportunity to ask the OneSite representatives directly whether Camden has the ability to produce any additional relevant information that is within its possession, custody, and control, including with respect to Power BI.

If Plaintiff believes the production remains incomplete after the conference call with OneSite, the parties can meet and confer to identify any additional relevant information that is missing and can be produced. To exhaust the parties' meet-and-confer obligations, Plaintiff should allow the OneSite conference to be completed before raising this issue. While Defendants have stressed the importance of the meet-and-confer requirement, Plaintiff has failed to understand reason and nonetheless seeks Court intervention.

**IV. RESIDENT COMPLAINTS AND FAVORABLE RESIDENT FEEDBACK**

Plaintiff submits that Defendants have not produced resident complaints as ordered. During meet and confer discussions, Defendants acknowledged residents could submit complaints or maintenance-related concerns through several channels and stated the parties would discuss those sources during the second telephonic meet and

DISCOVERY MATTER
JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'
DISCOVERY DISPUTES

confer on Wednesday, May 20, 2026. Defendants have not produced resident complaints from any source or identified what sources were searched. Plaintiff also respectfully requests that the Court order Defendants to produce related favorable resident feedback concerning Plaintiff, including resident compliments, positive comments, satisfaction notes, thank-you messages, favorable work order comments, or similar communications. Plaintiff does not contend the prior Order expressly required favorable feedback, but requests it now because Defendants' performance-based allegations make favorable resident input relevant to pretext, job performance, comparator treatment, and the accuracy of Defendants' disciplinary narrative.

**Defendants' Position:**

Plaintiff's request for an IDC is again premature on at least two grounds.

First, the April 22, 2026 Order required Defendants to produce OneSite (RealPage) "reports . . . that show . . . resident complaints . . . for the time period covering August 1, 2023 to March 30, 2024." (Exhibit F at ¶ 6.) As set forth above, Camden has produced all relevant OneSite (RealPage) reports within its possession, custody, and control, as the Order required. The parties can confirm this during the upcoming vendor conference with OneSite representatives on June 9, 2026.

Second, any non-OneSite resident-feedback records were not subject to the Court's Order, and no "deadline" governs this production, but Defendants will immediately produce any relevant information that they discover during discovery. As to the "favorable resident feedback" Plaintiff now requests, for the first time in this Joint Report, Plaintiff concedes—as he must—that this Court's Order did not require it. His attempt to use this IDC to obtain new categories of documents—never the subject of any prior meet-and-confer and the prior Court Orders—is procedurally

- 15 -
DISCOVERY MATTER
JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'
DISCOVERY DISPUTES

improper and substantively a fishing expedition. The Order did not impose a freestanding obligation to canvass every channel through which a resident might communicate.

Camden is nonetheless continuing to search for, and will produce, any additional resident-feedback documents and information relevant to Plaintiff's document requests consistent with its ongoing supplemental discovery obligations. Accordingly, there is no dispute for the Court to resolve.

## V. PLAINTIFF'S CLAIM OF OUTSTANDING DEPOSITIONS

Plaintiff respectfully requests leave to complete the deposition of Valerie Tilakamonkul. Ms. Tilakamonkul's deposition was not completed, and her further testimony remains necessary due to the unresolved disputes.

Plaintiff further notes that Defendants have already agreed that Plaintiff may proceed with the further deposition of Valerie Tilakamonkul if the Court grants leave or otherwise orders that the deposition may continue. Accordingly, Plaintiff respectfully requests that the Court permit Plaintiff to complete Ms. Tilakamonkul's deposition so the record can be fully developed regarding the discovery issues and claims in this action.

Plaintiff requests that the Court order the depositions of Anderson Hernandez-Adame and Paul Nguyen. Discovery remains open, and although Defendants may object, Plaintiff should be permitted to obtain testimony from these key witnesses. Anderson is a maintenance team member, comparator, and witness regarding workload, assignments, resident issues, and performance matters. Paul Nguyen is relevant because he participated in or approved Plaintiff's discipline and termination. Their testimony is directly relevant to Plaintiff's claims of discrimination, retaliation, pretext, disparate treatment, and wrongful termination.

**Defendants' Position**:

As set forth below, Plaintiff's IDC request for allegedly outstanding depositions of Valerie Tilakamonkul and Martin Doma, and his newly raised request for depositions of Anderson Hernandez-Adame and Paul Nguyen, are further evidence of his unreasonable approach to discovery, case management, and request for Court intervention on matters that are moot, premature or never previously raised.

**1.    Deposition of Valerie Tilakamonkul** – Plaintiff's request regarding Ms. Tilakamonkul's deposition is premature and moot.

First, Plaintiff has not even noticed Ms. Tilakamonkul's further deposition, yet he somehow seeks to compel it via this Joint Report. Plaintiff's failure to adhere to discovery procedure is highlighted by this improper use of the court resources.

Second, the April 22, 2026 Order placed the obligation to complete her deposition on Plaintiff, directing that "Plaintiff shall complete the deposition of Valerie Tilakamonkul for the time remaining for her deposition within twenty (20) days of this Order." (Exhibit F at ¶ 3.) However, Plaintiff never attempted to schedule, much less complete Ms. Tilakamonkul's deposition within the 20 days.

Further, far from obstructing that deposition, on May 27, 2026, Defendants agreed to produce Ms. Tilakamonkul and have offered four separate dates—June 15, 16, 17, and 19, 2026—reflecting the dates on which all parties and counsel are available before the close of fact discovery on July 7, 2026. (Exhibit D.)

Plaintiff still seeks court intervention on this issue, which demonstrates that he only seeks to delay discovery and harass Defendants. In fact, in meet and confer calls, Plaintiff insists that he wishes to depose Ms. Tilakamonkul *only after* the dates offered by Defendants despite understanding that the four dates in June are the dates available to all parties. Plaintiff's position is internally inconsistent: he seeks to postpone Ms. Tilakamonkul's deposition while simultaneously accusing Defendants

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES**

of "delaying" the vendor conference and document production. Such inconsistency demonstrates Plaintiff's unreasonable approach to discovery.

In conclusion: Defendants' agreement to continue Ms. Tilakamonkul's deposition resolves any conceivable dispute on this issue, and an IDC is unnecessary.

**2.      Deposition of Martin Doma** – Plaintiff's request regarding Mr. Doma's deposition is even more concerning (and moot). First, the Court has already addressed Mr. Doma's unavailability: in its April 22, 2026 Order, it recognized that "[d]ocuments show that Mr. Doma is not able to sit for a deposition until June 15, 2026." (Exhibit F at ¶ 5.) Thus, the medical limitation the Court credited—through June 15, 2026—remains in place, and that date has not yet arrived. Indeed, we are still in the month of May, and Defendants reminded Plaintiff of this fact and premature nature of his IDC request on a meet and confer call on May 28, 2026. Plaintiff, nonetheless, refused to forego this alleged dispute and insisted on raising it with the Court.

In addition, Defendants informed Plaintiff that they expected to produce a further medical note demonstrating Mr. Doma's unavailability for discovery and depositions. Indeed, on May 29, 2026, Defendants produced a further medical note from Mr. Doma's medical provider (even though no order required them to do so). The new medical note, dated May 28, 2026, provides that because of his medical condition, Mr. Doma is unable to give a deposition or participate in this legal proceeding. Mr. Doma's doctor also provided that his disability is permanent.[2] Thus, Plaintiff's request for an IDC on this issue is moot and unnecessary given the new medical note that Defendants produced on May 29, 2026.

---

[2] Defendants are prepared to lodge the confidential medical note separately should the Court wish to review the document to consider Plaintiff's request to depose Mr. Doma.

- 18 -

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES**

**3.       Deposition of Anderson Hernandez-Adame and Paul Nguyen** – Plaintiff's newly raised request for the depositions of Anderson Hernandez-Adame and Paul Nguyen should be disregarded.

Plaintiff has never noticed either deposition, never proposed dates for either witness, and never raised either deposition in any meet-and-confer with Defendants prior to including these names in his revised portion of this Joint Report. There is no dispute for the Court to resolve because there is no underlying request that Defendants have refused.

To the extent Plaintiff wishes to take these depositions, he must first notice them and meet and confer regarding scheduling, as Local Rule 37-1 requires. His attempt to shortcut that process by injecting these names into an IDC is the very type of premature and improper resort to Court intervention that the Local Rules forbid. Accordingly, there is no basis for Court intervention on this issue, and Plaintiff's request should be denied as premature.

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2), the electronic filer below hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

//

//

//

//

//

//

//

- 19 -
**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES**

DATED: June 5, 2026                    Respectfully submitted,

                                       SEYFARTH SHAW LLP

                                       By:/s/_____
                                           Heriberto Alvarez, Jr.
                                           David J. Kim

                                       Attorneys for Defendants
                                       CAMDEN DEVELOPMENT, INC.,
                                       VALERIE TILAKAMONKUL,
                                       MARTIN DOMA, ANDERSON
                                       HERNANDEZ ADAME, and PAUL
                                       NGUYEN


DATED: June 5, 2026                    Respectfully submitted,


                                       By:/s/_____
                                           Plaintiff Adam Andru Sutton, *pro se*

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES**