ADAM ANDRU SUTTON
426 West Ave
Jackson, Ga 30233
404-935-2221
Adamsutton007@gmail.com


ADAM ANDRU SUTTON, IN PRO PER


# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM ANDRU SUTTON<br><br>                     Plaintiff(s),<br><br>     vs.<br><br>CAMDEN DEVELOPMENT, INC., a Delaware corporation; VALARIE TILAKAMONKUL, an individual; MARTIN DOMA, an individual; ANDERSON HERNANDEZ ADAME, an individual, PAUL NGUYEN an individual and DOES 1 through 100, inclusive,<br><br>                     Defendant(s). | Case No.: 2:25-CV-5497-FLA-AYP<br><br>**DISCOVERY MATTER JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES' DISCOVERY DISPUTES BY PLAINTIFF ADAM ANDRU SUTTON**<br><br><br>Complaint Filed:     August 28, 2024<br>FAC Filed:           May 22, 2025<br>SAC Filed:           September 2, 2025<br>Discovery Cutoff:    April 24, 2026<br>Pretrial Conference: September 18, 2026<br>Trial:               October 6, 2026 |

- 1 -
**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES BY PLAINTIFF ADAM ANDRU SUTTON**

**TO THE HONORABLE COURT:**

Pursuant to Magistrate Judge Anna Y. Park's procedures regarding discovery disputes, Plaintiff Adam Andru Sutton, appearing pro se, respectfully submits this Joint Report Requesting Informal Discovery Conference regarding Defendants' compliance with the Court's June 23, 2026 Order, the OneSite/RealPage vendor conference, Power BI report availability, resident complaints/feedback, customer sentiment information, and Defendants' failure to identify or produce Power BI reports.

The parties are available for an Informal Discovery Conference on: July 8th, July 9th, and July 15, 2026.

**I. STATEMENT REGARDING PLAINTIFF'S REQUEST FOR A TELEPHONIC CONFERENCE**

**Plaintiff's Position:**

Since November 2025, the Parties have met and conferred via email and telephone on numerous occasions in attempts to resolve their discovery disputes. Most recently, the Parties exchanged multiple meet-and-confer communications, via email and telephone, regarding continuing disputes concerning Defendants' discovery responses, incomplete productions, personnel files, OneSite/RealPage and Power BI data, training materials, and compliance with prior Court Orders.

Despite continued efforts, substantial disputes remain unresolved. The Parties therefore respectfully request a telephonic conference regarding the outstanding discovery issues addressed herein.

Plaintiff respectfully requests an Informal Discovery Conference because the issues identified in the Court's June 23, 2026 Order remain unresolved.

On June 23, 2026, the Court denied Plaintiff's prior IDC request without prejudice because the Court found the dispute was not yet ripe. The Court ordered the parties to complete the third-party vendor meeting regarding OneSite/RealPage and further directed that the parties should also discuss the availability of Power BI reports to address Plaintiff's concerns. The Court also ordered Defendants to specify whether document production is complete or whether additional production is required, and if additional production is required, to identify a specific date by which production will be completed.

Plaintiff contends the dispute is now ripe because the OneSite/RealPage vendor conference occurred, but it did not meaningfully resolve the issues identified by Plaintiff or contemplated by the Court's Order. The conference lasted approximately 30 minutes and was attended by an attorney for the vendor, not a technical representative with knowledge of OneSite/RealPage reporting functions, Power BI reports, resident complaints, resident feedback, service survey data, export capabilities, filters, audit trails, metadata, or system data fields.

As a result, Plaintiff was unable to obtain meaningful answers regarding whether OneSite/RealPage, Power BI, RealPage AIM, Social Compass, Camden dashboards, or another Camden platform contains or can generate responsive information regarding resident complaints, resident feedback, customer sentiment, service survey responses, written comments, technician performance, maintenance performance, work order history, or related reports.

Plaintiff therefore respectfully requests a telephonic conference to address Defendants' compliance with the June 23, 2026 Order and to determine what

- 3 -

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES BY PLAINTIFF ADAM ANDRU SUTTON**

additional clarification, production, Bates identification, or technical explanation is required before the discovery cutoff.

**Defendants' Position:** Defendants respectfully submit that Plaintiff's position in its entirety is moot, and that no Informal Discovery Conference ("IDC") is warranted on any issue he raises.

Specifically, Defendants respectfully contend that they have complied with the Court's April 22, 2026 and June 23, 2026 Orders (ECF Nos. 65, 70.). To illustrate:

- Defendants have produced all responsive documents in their possession, custody, or control, including documents to comply with this Court's April 22, 2026 Order;

- On June 9, 2026, Camden Development, Inc. ("Camden") coordinated a conference call with a OneSite representative and Plaintiff, where Plaintiff asked questions and received responses from OneSite, including regarding available OneSite reports in Camden's possession, custody, or control.

  - OneSite's representative identified no further relevant OneSite reports that were in Camden's possession, custody, or control regarding maintenance-history and maintenance-completion reports for Plaintiff, Doma, and Hernandez Adame, resident complaints of Plaintiff, or any resident complaints of Doma and Hernandez Adame.

- Camden has served Objections and Fourth Supplemental Responses to Plaintiff's Request for Production of Documents ("Fourth Supplemental Responses"), including to identify by Bates numbers the responsive documents produced.

- 4 -

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES BY PLAINTIFF ADAM ANDRU SUTTON**

- These documents include those subject to the Court's April 22, 2026 Order related to OneSite reports and documents from third parties that show maintenance-history and maintenance-completion reports for Plaintiff, Doma, and Hernandez Adame, resident complaints of Plaintiff, or any resident complaints of Doma and Hernandez Adame for the time period of August 1, 2023 to March 30, 2024;

- In those Fourth Supplemental Responses, Camden clarified that PowerBI is not an independent source of data. It is merely an analytics tool used to build reports and display information based on already existing data. Thus, there are no responsive PowerBI documents in Defendant's possession, custody, or control—including that contain any information from the OneSite Platform—showing maintenance-history and maintenance-completion reports for Plaintiff, Doma, and Hernandez Adame, resident complaints of Plaintiff, or any resident complaints of Doma and Hernandez Adame.

- In those Fourth Supplemental Responses, Camden made clear in responding to the document requests that there are no further responsive documents in its possession, custody, or control.

Therefore, Defendants respectfully submit that they have complied with their discovery duties, including this Court's April 22, 2026 and June 23, 2026 Orders. Thus, an Informal Discovery Conference is not warranted.

//

//

//

//

//

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES BY PLAINTIFF ADAM ANDRU SUTTON**

## II. PLAINTIFF'S CLAIM REGARDING THE ONESITE/REALPAGE VENDOR CONFERENCE AND POWER BI REPORT AVAILABILITY

**Plaintiff's Position:**

Plaintiff respectfully submits that the OneSite/RealPage vendor conference did not meaningfully satisfy the purpose of the Court's June 23, 2026 Order.

The Court ordered the parties to complete the third-party vendor meeting and specifically stated that the parties should also discuss the availability of Power BI reports to address Plaintiff's concerns. The purpose of the vendor conference was to clarify whether responsive reports could be generated and whether OneSite/RealPage or Power BI could address the disputed issues concerning maintenance history, resident complaints, resident feedback, completion of maintenance work, and related reporting.

Although the vendor conference occurred, it lasted only approximately 30 minutes and was attended by the vendor's attorney. The vendor attorney did not appear to have technical knowledge regarding OneSite/RealPage reporting functions, Power BI reporting capabilities, resident complaint or feedback data, export functions, filters, audit trails, metadata, system data fields, or report-generation capabilities.

Plaintiff contends that a conference with a vendor attorney who could not answer the central technical questions did not meaningfully accomplish the Court-ordered purpose. Plaintiff was not able to determine whether OneSite/RealPage or Power BI can generate reports responsive to Plaintiff's concerns, what data fields are

- 6 -

available, what reports exist, whether resident complaints or feedback are stored or exported through those systems, or whether additional responsive reports can be produced.

Plaintiff does not dispute that a conference occurred in form. Plaintiff disputes that the conference satisfied the substance of the Court's Order.

**Defendants' Position:**

***Camden has complied with its requirement to "complete the meeting with the third-party vendor (OneSite)." (ECF No. 70 at p. 1.)***

On June 9, 2026, Camden coordinated a conference call with a OneSite representative and Plaintiff. OneSite's representative was an attorney who had knowledge about the capabilities of that platform and answered Plaintiff's questions, which related to (i) irrelevant, generic documents that Plaintiff downloaded from the internet that do not apply to this case, (ii) questions about the platform's capabilities to export reports, and (iii) resident feedback and work orders that might be maintained by OneSite. While Plaintiff's questions were broad in scope, centered on rhetorical examples, and were mostly unrelated to the documents that Camden had already produced here, OneSite's representative answered the questions Plaintiff posed during the call.

Importantly, OneSite's representative identified no further relevant OneSite reports that were in Camden's possession, custody, or control regarding maintenance-history and maintenance-completion reports for Plaintiff, Doma, and Hernandez Adame, resident complaints of Plaintiff, or any resident complaints of Doma and Hernandez Adame.

**DISCOVERY MATTER
JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'
DISCOVERY DISPUTES BY PLAINTIFF ADAM ANDRU SUTTON**

***Plaintiff was given an opportunity to ask further questions before and after the June 9, 2026 meeting with OneSite, which he failed to do.***

Before the call with OneSite, Camden asked Plaintiff to provide OneSite with questions in advance of the call to ensure that the call was productive and addressed Plaintiff's concerns. ***However, Plaintiff refused to provide any questions or discussion topics prior to the call with OneSite.*** Moreover, after the call, OneSite invited Plaintiff to send any further written questions if he needed additional clarification, including regarding Camden's use of OneSite during the course of his employment and the capabilities that Camden has to produce further relevant OneSite reports. Despite the open invitation, ***Plaintiff failed to provide any additional questions to OneSite or Camden to obtain further information related to OneSite documents and information.***

Accordingly, Camden has complied with this Court's order to "complete the meeting" with OneSite. Further, Plaintiff was provided with an opportunity to ask further questions before and after the call with OneSite, which Plaintiff failed to do. Thus, Plaintiff's request on this issue should be denied.

***Camden has explicitly made clear that there are no PowerBI documents in its possession, custody, or control.***

PowerBI is an application developed by Microsoft and not OneSite. In its Fourth Supplemental Responses, Camden explicitly stated: "PowerBI is not an independent source of data. It is merely an analytics tool used to build reports and display information based on already existing data."

It continued, "there are no responsive PowerBI documents in Defendant's possession, custody, or control—including that contain any information from the OneSite Platform—showing maintenance-history and maintenance-completion

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES' DISCOVERY DISPUTES BY PLAINTIFF ADAM ANDRU SUTTON**

reports for Plaintiff, Doma, and Hernandez Adame, resident complaints of Plaintiff, or any resident complaints of Doma and Hernandez Adame."

Accordingly, Plaintiff's request for an IDC to discuss the availability of PowerBI documents is moot because Camden has formally responded in discovery responses that that it has no responsive PowerBI documents in its possession, custody, or control.

**III. PLAINTIFF'S CLAIM REGARDING CUSTOMER SENTIMENT SCREENSHOT AND SOURCE SYSTEM**

**Plaintiff's Position:**

Plaintiff also raised a specific screenshot/document during the vendor conference that appears to show a "Customer Sentiment" dashboard or score. The screenshot includes categories such as Service Survey, Prospect Survey, CLEI Survey, Social Compass, Responses, and an overall Customer Sentiment Score.

Plaintiff contends this screenshot is directly relevant to the unresolved discovery issues concerning resident/customer feedback, service survey responses, written comments, complaints, reporting capability, and whether such information is generated, stored, exported, or reported through OneSite/RealPage, Power BI, RealPage AIM, Social Compass, the resident portal, a service-request survey system, Camden dashboards, or another Camden platform.

During the vendor conference, the vendor's attorney could not clarify whether the screenshot came from OneSite/RealPage or another system. The attorney also could not explain whether the information shown in the screenshot could be generated,

- 9 -

exported, reported, or used to identify resident feedback, service survey responses, written comments, complaints, or customer sentiment data for the relevant property and time period.

This issue demonstrates why the vendor conference did not meaningfully satisfy the Court's June 23, 2026 Order. Plaintiff's concern is not merely the screenshot itself, but the fact that the screenshot appears to show resident/customer feedback and reporting data while the vendor attorney could not identify the source system or explain whether responsive reports exist.

Plaintiff requests that Defendants be required to identify the source of the Customer Sentiment screenshot, state whether it comes from OneSite/RealPage, Power BI, RealPage AIM, Social Compass, Camden's internal dashboards, or another system, and state whether reports or exports showing customer sentiment, service survey responses, written resident comments, complaints, feedback, or service-request survey data exist for the relevant property and time period. (See Ex. A)

**Defendants' Position:** Plaintiff's request for an IDC on this issue further demonstrates his unreasonable position regarding discovery and continued unnecessary expense of court resources.

*Plaintiff obtained proper information from OneSite and lacked diligence to obtain further clarification.*

First, Plaintiff states that he presented the screenshot to the OneSite representative, who allegedly was unable to confirm whether the information was derived from OneSite. However, the OneSite representative did provide a proper response—that he needed additional information to determine whether the contents

- 10 -
**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES BY PLAINTIFF ADAM ANDRU SUTTON**

in the screenshot derived from the OneSite platform. Plaintiff's belief that OneSite would be able to identify the source of a random screenshot in real time and speak about it—without having any additional information—is misplaced.

Further, Plaintiff's alleged dispute over this screenshot does not mean that the meeting with OneSite was insufficient. In fact, as set forth above, Plaintiff was afforded an opportunity to submit questions to OneSite before and after that June 9, 2026 meeting—and attach the screenshot for reference—to get further clarification from OneSite on his requests. However, both times, Plaintiff failed to submit questions or present additional information for OneSite to consider. Thus, this Court should not reward Plaintiff's lack of diligence, and it should deny Plaintiff's IDC request on this issue.

### *This issue does not warrant discussion at an IDC.*

To the best of the undersigned's knowledge, Plaintiff for the first time raised an issue last week with the screenshot he attaches as Exhibit A, despite that *he* produced the document last year, on October 12, 2025. Therefore, Plaintiff's alleged dispute, which apparently now requires an expedited response, further demonstrates his unreasonable approach to discovery.

Indeed, Plaintiff's request to Camden's counsel for further information about the screenshot is more appropriate as a deposition question of a Camden witness or corporate representative, or in a further discovery request. However, to date, Plaintiff has failed to notice any additional depositions from Camden's witnesses, and his deadline to serve discovery requests has lapsed.

Moreover, Plaintiff has provided no detail into how this specific screenshot is relevant to his claims—or how any further information into this random screenshot will help support his case. In fact, Defendants contend that Plaintiff's request here is

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES BY PLAINTIFF ADAM ANDRU SUTTON**

nothing more than a "fishing expedition" that expends unnecessary court resources. Regardless, Defendants' counsel is attempting to seek clarification regarding the source of the information in the screenshot and will provide Plaintiff with any relevant information (assuming that the source of information can be identified).

Thus, this Court should deny Plaintiff's request for an IDC on this esoteric issue.

## IV. PLAINTIFF'S CLAIM OF NON-PRODUCTION OF POWER BI REPORTS AND RELATED INFORMATION

**Plaintiff's Position:**

Plaintiff contends Defendants have not produced any Power BI reports, exports, dashboards, data, or documents responsive to the Court's June 23, 2026 Order and Plaintiff's discovery concerns.

The Court's June 23, 2026 Order specifically directed that, during the third-party vendor meeting, the parties should discuss the availability of Power BI reports to address Plaintiff's concerns. However, Defendants have not produced Power BI reports, have not identified any Bates ranges for Power BI materials, and have not meaningfully explained whether Power BI reports exist, whether they can be generated, what information they contain, or why they have not been produced.

Plaintiff contends this remains a central unresolved issue because Power BI may contain or generate reports concerning maintenance performance, service requests, technician performance, completion of maintenance work, resident complaints, resident feedback, customer sentiment, service survey data, work order metrics, or

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES BY PLAINTIFF ADAM ANDRU SUTTON**

related facilities data. Despite Plaintiff's repeated requests for clarification, Defendants have not provided a clear statement identifying what Power BI reports exist, what Power BI data was searched, whether responsive Power BI reports can be generated, or whether Defendants contend no responsive Power BI information exists.

The vendor conference did not resolve this issue. The conference lasted approximately 30 minutes and was attended by the vendor's attorney, not a technical representative with knowledge of Power BI reporting capabilities or Camden's internal use of Power BI. As a result, Plaintiff was unable to obtain meaningful answers regarding whether Power BI reports exist, whether Power BI can generate responsive reports, whether Power BI includes resident complaints or feedback, or whether Power BI contains customer sentiment, service survey, or maintenance-performance information.

Plaintiff requests that Defendants be required to state whether they contend their Power BI production is complete. If Defendants contend they have produced Power BI materials, Plaintiff requests that Defendants identify the specific Bates ranges for those Power BI reports, exports, dashboards, or related documents. If Defendants contend no Power BI reports exist or no responsive Power BI information can be generated, Plaintiff requests that Defendants be required to provide a clear explanation of that position, including who made that determination, what systems or reports were reviewed, and whether any technical representative confirmed that conclusion.

- 13 -

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES BY PLAINTIFF ADAM ANDRU SUTTON**

If Defendants contend additional Power BI production is required, Plaintiff requests that Defendants identify the specific date by which the Power BI production will be completed.

**Defendants' Position:** Plaintiff's request for an IDC on this issue is moot because Camden has explicitly made clear that there are no responsive PowerBI documents in its possession, custody, or control.

In fact, PowerBI is an application developed by Microsoft and not OneSite. In its Fourth Supplemental Responses, Camden explicitly stated: "PowerBI is not an independent source of data. It is merely an analytics tool used to build reports and display information based on already existing data."

Camden continued: "there are no responsive PowerBI documents in Defendant's possession, custody, or control—including that contain any information from the OneSite Platform—showing maintenance-history and maintenance-completion reports for Plaintiff, Doma, and Hernandez Adame, resident complaints of Plaintiff, or any resident complaints of Doma and Hernandez Adame."

Accordingly, Plaintiff's request for an IDC to discuss the availability of PowerBI documents is moot because Camden has formally responded in discovery responses that that it has no PowerBI documents in its possession, custody, or control.

**V. SPECIFIC RELIEF REQUESTED**

**Plaintiff's Position:**

Plaintiff respectfully requests that the Court hold an Informal Discovery Conference or issue further guidance requiring Defendants to:

- 14 -

State whether Defendants contend the approximately 30-minute vendor conference with the vendor's attorney satisfied the Court's June 23, 2026 Order;

Provide a further vendor conference, meet-and-confer session, or technical explanation with a knowledgeable technical representative capable of addressing OneSite/RealPage and Power BI reporting capabilities;

Identify whether Power BI reports exist or can be generated regarding maintenance performance, service requests, resident complaints, resident feedback, customer sentiment, technician performance, or related facilities data;

Identify whether resident complaints, resident feedback, service survey responses, customer sentiment data, written comments, or related information are generated, stored, exported, or reported through OneSite/RealPage, Power BI, RealPage AIM, Social Compass, the resident portal, a service-request survey system, Camden dashboards, or another Camden platform;

Identify the source system for the Customer Sentiment screenshot;

State whether reports or exports showing customer sentiment, service survey responses, written resident comments, complaints, feedback, or service-request survey data exist for the relevant property and time period;

State whether Defendants contend their Power BI production is complete;

If Defendants contend they have produced Power BI materials, identify the Bates ranges Defendants contend constitute Power BI reports, exports, dashboards, data, or related documents;

If Defendants contend no responsive Power BI reports, exports, dashboards, data, or related documents exist or can be generated, provide a clear explanation of that position, including who made that determination, what systems or reports were reviewed, and whether any technical representative confirmed that conclusion;

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES BY PLAINTIFF ADAM ANDRU SUTTON**

If Defendants contend additional Power BI production is required, identify the specific date by which the Power BI production will be completed; and Produce or identify responsive reports, exports, screenshots, dashboards, metadata, or Bates ranges showing the source and availability of the customer sentiment/service survey information.

Plaintiff respectfully submits that Court intervention is now appropriate because the prior IDC was denied without prejudice as premature, the vendor conference has now occurred, and the conference failed to resolve the technical issues contemplated by the Court's Order.

**Defendants' Position:** Defendants request that this Court deny Plaintiff's request for an IDC on all the purported issues Plaintiff purports to raise in this Joint Report. Further, Defendants request that the Court deny Plaintiff's further requests for relief he references above, which *are overbroad, unduly burdensome, harassing, and not tailored to the needs of this case*. As set forth above, Defendants have complied with their discovery duties and all Court orders.

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2), the electronic filer below hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

- 16 -

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES BY PLAINTIFF ADAM ANDRU SUTTON**

DATED: July 2, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: *Heriberto Alvarez Jr*

Heriberto Alvarez, Jr.
Sean Choi
David J. Kim

Attorneys for Defendants
CAMDEN DEVELOPMENT, INC.,
VALERIE TILAKAMONKUL,
MARTIN DOMA, ANDERSON
HERNANDEZ ADAME, and PAUL
NGUYEN

DATED: July 2, 2026

Respectfully submitted,

By: *Adam Sutton*

Plaintiff Adam Andru Sutton, *pro se*

- 17 -

**DISCOVERY MATTER**
**JOINT REPORT REQUESTING INFORMAL DISCOVERY CONFERENCE REGARDING PARTIES'**
**DISCOVERY DISPUTES BY PLAINTIFF ADAM ANDRU SUTTON**